414 S.E.2d 448

Laura SHRADER, Administratrix of
the Estate of Anna Shrader,
Plaintiff Below,

v.

Gary Wayne HOLLAND and Sysco Corporation, d/b/a Theimer–Sysco Food Services, a Foreign Corporation, Defendants and Third–Party Plaintiffs Below, Appellants Herein,

v.

WEST VIRGINIA DEPARTMENT OF
HIGHWAYS, Third–Party Defendant
Below, Appellee Herein. ˙

James E. BALL, Administrator of
the Estate of Pamela Rae
Ball, Plaintiff Below,

v.

SYSCO CORPORATION d/b/a Theimer–Sysco Food Services, a Foreign Corporation, Defendant and Third–Party Plaintiff Below, Appellant Herein,

v.

WEST VIRGINIA DEPARTMENT OF
HIGHWAYS, Third–Party Defendant
Below, Appellee Herein.

James E. BALL and Virginia
Ball, Plaintiffs Below,

v.

SYSCO CORPORATION d/b/a Theimer–Sysco Food Services, a Foreign Corporation, Defendant/Third–Party Plaintiff Below, Appellant Herein,

v.

WEST VIRGINIA DEPARTMENT OF
HIGHWAYS, Third–Party Defendant
Below, Appellee Herein.

John DICKERSON, Plaintiff Below,

v.

SYSCO CORPORATION d/b/a Theimer–Sysco Food Services, a Foreign Corporation, Defendant/Third–Party Plaintiff Below, Appellant Herein,

v.

WEST VIRGINIA DEPARTMENT OF
HIGHWAYS, Third–Party Defendant
Below, Appellee Herein.

Nos. 20219, 20243.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 21, 1992.

Decided Feb. 6, 1992.

Donald T. Caruth, Brewster, Morhouse & Cameron, Bluefield, for Gary Wayne Holland and Sysco Corp., appellants.

Martin R. Smith, Jr., Daniel R. Schuda, Steptoe & Johnson, Charleston, for West Virginia Dept. of Highways, appellee.

Stephen R. Meyer, Meyer & Perfator, Charleston, for Laura Shrader, plaintiff.

Mark E. Wills, Princeton, for James E. Ball, Virginia Ball and John Dickerson, plaintiffs.

NEELY, Justice:

This appeal consolidates four cases brought in the Circuit Court of Mercer County following a 7 March 1988 automobile accident.[1] Laura Shrader, as Administratrix of the Estate of Anna Shrader, brought suit against Gary Wayne Holland and Sysco Corporation (Sysco) seeking damages under the West Virginia wrongful death statute. James E. Ball, as Administrator of the Estate of Pamela Rae Ball, brought a like suit against the Sysco Corporation. James and Virginia Ball also brought suit against the Sysco Corporation for the injuries received by Mr. Ball in the accident. John Dickerson filed suit against the Sysco Corporation as a result of his injuries in the accident. Gary Holland, the driver of Sysco's truck, and Sysco filed a third-party complaint against the West Virginia Department of Highways and filed a motion for joinder of Continental Casualty Insurance Company as a third-party defendant. Upon the motion of the Department of Highways, the circuit court dismissed the third-party claim against the Department of Highways. Mr. Holland and Sysco now appeal. We affirm.

## I.

Although the procedural history of this case has become complicated, the underlying facts are straightforward. On 7 March 1988, a truck owned by Sysco and driven by Gary Wayne Holland collided with a car driven by John Dickerson. As a result of this accident, Anna Shrader and Pamela Ball died. John Dickerson and James Ball were also seriously injured. Ms. Shrader, Mr. and Mrs. Ball, and Mr. Dickerson filed suit against the defendants who then filed their third-party claim against the Department of Highways.[2]

## II.

*W. Va. Const.*, Art. VI, § 35 provides sovereign immunity for the state. The general principle of sovereign immunity is specifically applied to the Department of Highways by *W. Va. Code*, 17–4–37 [1933]. *See Adkins v. Sims*, 130 W.Va. 645, 46 S.E.2d 81 (1947). *W. Va. Code*, 17–4–37 [1933] provides:

> The State shall not be made the defendant in any proceeding to recover damages because of the defective construction or condition of any state road or bridge.

*W. Va. Code*, 29–12–5 [1986] provides an exception to sovereign immunity in cases where the state has insurance coverage for alleged negligent acts.[3]

1. Parts of this case were briefly before the United States District Court for the Southern District of West Virginia, but the district court dismissed the case and remanded it to the Circuit Court of Mercer County.

2. The actual procedural history is somewhat more complicated. First, Laura Shrader, as administratrix of Anna Shrader's estate, filed suit in the Circuit Court of Mercer County against Gary Wayne Holland and Sysco Corporation. Mr. Holland and Sysco removed the case to the Federal District Court for the Southern District of West Virginia, where they filed a third-party complaint against the Department of Highways. Upon the motion of defendants Sysco and Holland, who wanted the case returned to Mercer County so that they could proceed against the Department of Highways, the federal court remanded the case to the Circuit Court of Mercer County. Concurrently, the other actions herein were filed in the Circuit Court of Mercer County.

3. *W. Va. Code*, 29–12–5(a) [1986] states in pertinent part:
   (a) The board shall have general supervision and control over the insurance of all state property, activities and responsibilities, including the acquisition and cancellation thereof; determination of amount and kind of coverage, including, but not limited to, deductible forms of insurance coverage, inspections or examinations relating thereto, reinsurance, and any and all matters, factors and considerations entering into negotiations for advantageous rates on and coverage of all such state property, activities and responsibilities. *Any policy of insurance purchased or contracted for by the board shall provide that the insurer shall be barred and estopped from relying upon the constitutional immunity of the state of West Virginia against claims or suits:* Provided, That nothing herein shall bar the insurer of political subdivisions from relying upon any statutory immunity granted such political subdivisions against claims or suits. The board may enter into any contracts necessary to the execution of the powers granted to it by this article. It shall endeavor to secure the maximum of protection against loss, damage or liability to state property and on account of state activities and responsibilities by proper and adequate insurance coverage through the introduction and employment of sound and accepted methods

The Board of Risk and Insurance Management for the State of West Virginia has purchased an insurance policy that covers some claims against the Department of Highways. However, an exclusion provision in this policy provides:

> It is agreed that the insurance afforded under this policy does not apply to the:

> Ownership, maintenance, supervision, operation, use of [sic] control of streets, including sidewalks, highways or other public thoroughfares, bridges, tunnels, dams, culverts, storm or sanitary sewers, but this exclusion does not apply to bodily injury or property damages which arises out of and occurs during the performance or [sic] construction, street cleaning, and repair operations, or arises out of the maintenance or use of sidewalks which abut buildings covered by this policy.

Under this policy, the third-party plaintiff cannot recover for the general condition of the road on which the accident occurred. However, the third-party plaintiff would be able to make a claim if the accident arose out of repair or maintenance of the road. The third-party plaintiffs have provided absolutely no evidence that the road was under repair. In fact, their initial complaints described general road conditions and alleged no ongoing construction or repairs. Furthermore, discovery revealed no evidence of ongoing construction or repairs.[4] Therefore, the circuit court appropriately granted summary judgment based on sovereign immunity.

### III.

For the foregoing reasons, the decision of the Circuit Court of Mercer County is affirmed.

Affirmed.

---

of protection and principles of insurance.... The board is given power and authority to make rules and regulations governing its functions and operations and the procurement of state insurance, but shall not make or promulgate any rules or regulations in contravention of or inconsistent with the laws or rules and regulations governing the office of insurance commissioner of West Virginia.

The board is hereby authorized and empowered to negotiate and effect settlement of any and all insurance claims arising on or incident to losses of and damages to state properties, activities and responsibilities hereunder and shall have authority to execute and deliver proper releases of all such claims when settled. The board may adopt rules and procedures for handling, negotiating and settlement of all such claims. All such settlements and releases shall be effected with the knowledge and consent of the attorney general.

4. The appellants suggest that the Department of Highways' failure to answer a set of interrogatories hindered their ability to show that the road was under construction or repair. We find that answers to these interrogatories would have had no effect on the circuit court's final decision.