**Rose WATSON, Plaintiff,**

**v.**

**APPALACHIAN POWER CO., et al., Defendants.**

**Civil Action No. 2:96–0583.**

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 9, 1996.

596. This purpose is achieved regardless whether the application is attached to a policy when deliv- ered or issued.

Stuart Calwell and Mary McQuain, Calwell & McCormick, Charleston, WV, for plaintiff.

Richard J. Bolen, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, Judith A. Villines, W. Patrick Stallard, Jason P. Thomas, Stites & Harbison, Louisville, KY, for Appalachian Power Co. and Central Operating Company.

Charles M. Love, III, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, Gerald H. Davidson, Jr., Smith, Helms, Mulliss & Moore, Greensboro, NC, for Monsanto Company.

Dennis C. Sauter, Jackson & Kelly, Charleston, WV, Steve R. Kuney, Williams & Connolly, Washington, DC, David K. Hendrickson, Hendrickson & Long, Charleston, WV, Barry M. Klayman, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, for General Electric Company, Westinghouse Electric Corporation.

Thomas S. Sweeney, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, WV, Dennis C. Sauter, Jackson & Kelly, Charleston, WV, for ITT Corporation.

Steven P. McGowan, Steptoe & Johnson, Charleston, WV, for Kuhlman Corporation.

Mary Braza, Foley & Lardner, Milwaukee, WI, for Allis Chalmers Corp.

Thomas E. Scarr, Jenkins, Fenstermaker, Krieger, Kayes & Agee, Huntington, WV, for Acme Electric Corp.

Michael B. Victorson, Robinson & McElwee, Charleston, WV, for A.B. Chance Co.

Joseph R. Cullens, Freeman & Hawkins, Atlanta, GA, Marc E. Williams, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, for Kearney–National, Inc.

Joseph L. Luciana, III, Kirkpatrick & Lockhart, Pittsburgh, PA, Thomas E. Johnson, Schrader, Byrd, Companion & Gurley, Wheeling, WV, Walter A. Bunt, Jr., Kirkpatrick & Lockhart, Pittsburgh, PA, for Delta Star.

Scott A. Damron, Pettit & Damron, Huntington, WV, for Line Manufacturing, Inc.

### MEMORANDUM OPINION AND REMAND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's Motion to Remand. The Court GRANTS the motion and cancels the Scheduling Conference of which counsel was given notice on August 8, 1996. Also pending are Defendant Kuhlman Electric's Motion to Dismiss and Defendant ITT's Motion for a More Definite Statement, both of

which were originally filed in state court, and which now may be resolved there.

Plaintiff's complaint was originally filed in the Circuit Court of Putnam County, West Virginia on December 29, 1995.[1] The action was removed to this Court on June 17, 1996. All Defendants, except Central Operating Company, are foreign corporations with citizenship diverse to Plaintiff's. Defendants argue Plaintiff fraudulently named Central Operating as a Defendant to defeat federal diversity jurisdiction. Plaintiff contends she has a viable claim against Central Operating.

■■■ The Court has recognized on more than one occasion that "[r]emoval statutes must be strictly construed against removal. Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction." *Scott v. Greiner,* 858 F.Supp. 607, 610 (S.D.W.Va.1994) (Haden, C.J.) (citations omitted). Fraudulent joinder to avoid federal jurisdiction, on the other hand, "will be found when there is no arguably reasonable basis for predicting that state law might impose liability on the facts involved." *Arthur v. E.I. du Pont,* 798 F.Supp. 367, 369 (S.D.W.Va.1992) (Haden, C.J.) (quotation marks and citations omitted).[2]

■■■ The instant complaint is vague about many of the causes of action asserted or assertable against Central Operating, but it clearly asserts a claim based on Plaintiff's belief, at the time of filing, that Central Operating was the owner of the premises where the decedent's injuries occurred. Defendants have raised serious and possibly fatal questions about that proposition and the validity of the premises liability cause of action against Central Operating. Plaintiff contends, however, that the complaint asserts additional causes of action not based on a premises liability theory. Thus, assuming failure of the premises liability claim, the complaint may state, currently or by amendment, other viable claims against Central Operating. Although it is not clear from the complaint whether Plaintiff intended at filing to assert causes of action against Central Operating unrelated to premises liability, the Memorandum in Support of her Motion to Remand unambiguously states Plaintiff's current intent to pursue alternate theories of liability against Central Operating.

■■■ Our Court of Appeals placed a heavy burden on those who would establish fraudulent joinder. The removing party must establish either:

[t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.

*Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232–33 (4th Cir.1993) (citations omitted). Because Defendants have not shown outright fraud in Plaintiff's pleadings, they must show there is no possibility Plaintiff could establish

---

**1.** The Court notes Defendant Central Operating Company served its answer on Plaintiff on February 7, 1996, but did not file the answer until June 3, 1996. Plaintiff asserts Central Operating, in collusion with its co-defendants, delayed filing its answer in an attempt to circumvent the time requirement for removal set forth at 28 U.S.C. § 1446(b). Plaintiff maintains the Court must remand the action based on Defendants' untimely removal. Although Plaintiff's argument that the action should be remanded based on the untimely removal may be meritorious, the Court need not decide that issue because the Court remands based on other considerations.

**2.** According to *AIDS Counseling and Testing Centers v. Group W. T.V.,* 903 F.2d 1000, 1003 (4th Cir.1990) (citations and internal quotation marks omitted) (emphasis in original):

"Fraudulent joinder" is a term of art, it does not reflect on the integrity of the plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or *in fact* no cause of action exists. In other words, a joinder is fraudulent if there is no real intention to get a joint judgment, and . . . there is no colorable ground for so claiming.

a cause of action against them in a West Virginia court.

According to our Court of Appeals:

In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.

*AIDS Counseling and Testing Centers, supra,* 903 F.2d at 1004 (citations and internal quotation marks omitted). Defendants have not shown there is no possibility Plaintiff will be able to establish a cause of action against Central Operating in state court. Plaintiff correctly argues that under West Virginia law, Central Operating may be liable to Plaintiff if its conduct was a proximate cause of Mr. Watson's injury. Plaintiff asserts there is evidence indicating that Mr. Watson's injury may be the result of a joint enterprise between Central Operating and one or more of its co-defendants. More specifically, Plaintiff argues Mr. Watson may have come into contact with PCBs from equipment supplied by Central Operating or from its PCB disposal operations.

Given the claims before it, the Court is unable to determine Plaintiff does not intend to pursue a judgment against Central Operating. Thus, the Court cannot conclude that Central Operating was fraudulently joined. That is not to say that Plaintiff ultimately will be able to maintain its action against Central Operating. Discovery is yet to begin, however, and the Court has no reasonable basis for predicting that West Virginia law will not allow imposition of liability on Central Operating. Of course, if it turns out that Plaintiff's claim against Central Operating was asserted for an improper purpose, Plaintiff and/or her counsel will be subject to sanctions pursuant to Rule 11 of the *West Virginia Rules of Civil Procedure* or in this Court, should the case return to the federal forum.

Because Central Operating is a West Virginia corporation, and because the Court is unable to conclude it was fraudulently joined, the parties are not completely diverse. Thus, 28 U.S.C. § 1441(b) forbids removal of the action to this Court. Accordingly, the Court REMANDS the action pursuant to 28 U.S.C. § 1447(c) based on its lack of subject matter jurisdiction.