Daniel J. LEWIS, et al., Plaintiffs,

v.

ARMSTRONG STEEL ERECTORS,
INC., et al., Defendants.

No. Civ.A. 2:97–1108.

United States District Court,
S.D. West Virginia,
Charleston Division.

Feb. 2, 1998.

Stuart Calwell and David Carriger, Calwell and McCormick, Charleston, WV, for Plaintiffs.

Eric J. Hulett, Brown & Levicoff, Beckley, WV, for Armstrong.

David L. Campbell, Baker, Lancianese & Smith, Huntington, WV, for Mahan.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiffs' motion to remand and Defendant Armstrong's motion to compel. Having been informed by Armstrong that its motion to compel is withdrawn, the Court **DENIES** the motion as moot. For reasons that follow, the Court **DENIES** Plaintiffs' motion to remand.

### I. FACTUAL BACKGROUND

On November 18, 1996 Daniel J. Lewis filed a wrongful death action against Defendants Armstrong Steel Erectors, Inc. ("Armstrong"), C.J. Mahan Construction Company ("Mahan") and the West Virginia Department of Transportation, Division of High-

ways ("WVDOH") in the Circuit Court of Kanawha County. Plaintiff's decedent, Daniel J. Lewis II, an ironworker, suffered a fatal fall from a construction job on the Chelyan Bridge project. Mahan was the project's general contractor and Armstrong, the decedent's employer, was the subcontractor.

On January 3, 1997 WVDOH filed a motion to dismiss Plaintiffs' claims against WVDOH, claiming sovereign immunity from suit because WVDOH's applicable insurance policy would not provide coverage given the factual circumstances of Lewis's fall. *See, e.g., Shrader v. Holland,* 186 W.Va. 687, 688, 414 S.E.2d 448, 449 (W.Va.1992) (stating State of West Virginia, including the Department of Highways, enjoys constitutional sovereign immunity in instances when there is no insurance coverage for the acts alleged).

On October 15, 1997 the state court ordered dismissal of WVDOH ("the Order"). It held the insurance policy specifically excluded coverage "for situations where employees of the State of West Virginia are inspecting work being performed by others." Ex. 1 at 2. After considering Plaintiffs' arguments, the state court found no evidence that brought the event within the policy's coverage. Specifically, the Court rejected Plaintiffs' arguments that (1) Mahan or Armstrong could be deemed WVDOH employees and (2) the insurance policy provided coverage for Plaintiffs' other claims of negligent selection of a contractor and negligent approval of a subcontractor. The Court concluded WVDOH "is entitled to rely on the State's constitutional sovereign immunity from suit for damages payable from State funds." *Id.* at 3.

On November 13, 1997 Armstrong and Mahan filed a notice of removal. On December 11, Plaintiffs filed a motion to remand, arguing (1) the notice for removal was not timely filed, (2) removal was improper because

WVDOH was involuntarily dismissed, and (3) there is a reasonable possibility that the state court's Order will be reversed on appeal.

## II. DISCUSSION

The procedure for removal is stated in 28 U.S.C. § 1446.[1] The United States Supreme Court has reviewed the procedure for removal.

> When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the ... defendants may remove the action to federal court, 28 U.S.C. § 1441(a) .... In a case not originally removable, a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements—*for example, by reason of the dismissal of a nondiverse party*—may remove the case to federal court within 30 days of receiving such information. § 1446(b).

*Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 117 S.Ct. 467, 472–473, 136 L.Ed.2d 437 (1996) (emphasis added). This Court has cautioned, "'[R]emoval statutes must be strictly construed against removal. Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction.'" *Watson v. Appalachian Power Co.,* 934 F.Supp. 191, 193 (S.D.W.Va.1996) (Haden, C.J.) (citations omitted).

### A. Timeliness of the Notice of Removal

Plaintiffs argue the case should be remanded because it was not removed within thirty days of Defendants' receiving copies of the complaint. Plaintiffs' argument is as follows: if WVDOH were fraudulently joined, such joinder dates back to the complaint. Thus the complaint itself was the first paper

---

1. The section provides in pertinent part:
   > The notice of removal of a civil action ... shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading....
   > If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
   28 U.S.C. § 1446(b).

that allowed Defendants to ascertain the case was removable. This argument fails. The complaint showed the case not to be removable because the State was a party. "It is well settled that a state is not a citizen for purposes of diversity jurisdiction.... An action between a state and a citizen of another state is not a suit between citizens of different states, and diversity jurisdiction does not exist." *Martin Sales & Processing, Inc. v. W.V. Dept. of Energy,* 815 F.Supp. 940, 942 (S.D.W.Va.1993) (Haden, C.J.) (citations omitted).

■ Alternatively, Plaintiffs argue Defendants must have filed the Notice of Removal within thirty days of Defendants' determining WVDOH was fraudulently joined. The rule, however, states the time period begins to run upon "receipt by the defendant, through service or otherwise, of a copy of an *amended pleading, motion, order or other paper* from which it may first be ascertained that the case is one which is or has become removable." [2] 28 U.S.C. § 1446(b) (emphasis added). Plaintiffs do not identify any such pleading, motion, order or other paper that Defendants received prior to the state court's Order. From the record before it, the Court finds the Order to be the first such document. Because Defendants filed a Notice of Removal within thirty days of the entry of the Order, the Court finds the Notice was timely.

### B. Voluntary/Involuntary Dismissal

■ Plaintiffs allege removal was improper because WVDOH was involuntarily dismissed by the state court. It is well-established that "[i]f the dismissal is voluntary, the action may be removed; if involuntary, re-

moval is improper." *Arthur v. E.I. duPont,* 798 F.Supp. 367, 368 (S.D.W.Va.1992) (Haden, C.J.). Defendants do not contest that WVDOH was involuntarily dismissed. In *Arthur,* this Court also stated, however, "a claim of fraudulent joinder is a 'well-established exception to the voluntary-involuntary rule.'" [3] *Id.* at 369 (citations omitted). Because Defendants allege fraudulent joinder, the Court turns next to that issue.

### C. Fraudulent Joinder

■ Although a court must resolve any doubts concerning the propriety of removal in favor of remand, fraudulent joinder to avoid federal jurisdiction "'will be found when there is no arguably reasonable basis for predicting that state law might impose liability on the facts involved.'" *Watson,* 934 F.Supp. at 193 (quoting *Arthur,* 798 F.Supp. at 369). "The Court must decide whether there is any reasonable possibility that the judgment of the circuit court ... will be reversed on appeal." *Arthur,* 798 F.Supp. at 370. This is a heavy burden for Defendants because the Court resolves all issues of fact and law in favor of Plaintiffs. *Id.* Plaintiffs argue the state court Order may be reversed on appeal because Armstrong and Mahan either (1) could be found to have been employees of WVDOH or (2) could be found liable under one of Plaintiffs' alternate theories of liability, namely negligent selection or supervision of contractor/subcontractor. Both arguments fail.

It is important to note that in West Virginia there is no appeal of right to the West Virginia Supreme Court of Appeals. Appeals are by petition only. *See* W.Va. R.App.P. 3, 7. Recent figures show 571 petitions for appeal of civil cases were filed in

---

2. Some courts have liberalized "other paper" to include statements made in depositions. *See, e.g., Riggs v. Continental Baking Co.,* 678 F.Supp. 236 (C.D.Cal.1988); *Fuqua v. Gulf, Colo. & Santa Fe Ry. Co.,* 206 F.Supp. 814, 815 (E.D.Okla. 1962).

   Our Court of Appeals has stated the "other paper" requirement "is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" *Yarnevic v. Brink's, Inc.,* 102 F.3d 753 (4th Cir.1996). The statement was made, however, in the context of whether a memorandum not filed with the court satisfied the "other

paper" requirement. Thus, the Fourth Circuit has not held that verbal statements satisfy the § 1446(b) requirement.

   This Court declines to follow the *Riggs* court and, instead, applies Congress' language as written.

3. Indeed, Plaintiffs acknowledge this exception in their memorandum. Pls.' Mem. at 5–6 (stating "a claim of fraudulent joinder is an exception to the general rule that the involuntary dismissal of a non-diverse party will not support removal").

1997 and only 168 were granted—less than thirty percent. Office of the Clerk, West Virginia Supreme Court of Appeals, 1997 Statistical Report, at 2. Plaintiffs' appeal will have to survive the rigorous petition process before it possibly could result in the reversal of the state court Order.

### 1. Defendants as "employees" of WVDOH

The state court specifically addressed each of Plaintiffs' arguments. After reviewing the motion to dismiss and response thereto, as well as hearing oral arguments, the state court found there was no "evidence of participation" by WVDOH in "construction, maintenance, repair or cleaning activities" or evidence of WVDOH employees performing activities other than standard inspection practices. Ex. 1 at 2. The state court specifically described as "unpersuasive" Plaintiffs' argument that Defendants were "employees" of WVDOH. To arrive at this holding, the state court canvassed West Virginia statutory and case law.

Plaintiffs have not provided this Court with evidence to the contrary. Plaintiffs argue they have presented evidence WVDOH employees gave specific direction to Defendants' employees and it was "understood that WVDOH had the authority to exercise such control over the work performed at the job site." Pls.' Mot. at 7. The evidence shows otherwise.

Fred Blackwell, WVDOH Project Supervisor for the Chelyan Bridge project, stated his responsibility was "[t]o, basically, oversee the entire project and make sure the project was built according to the plans and specifications" and to pay the contractor. Blackwell Depo. at 8. When asked particularly about whether an inspector would intervene regarding a contractor employee not wearing a safety belt, Blackwell stated, "Well, it's not really our job to enforce anything like that.... Our objective is to have the work

done according to plans and specifications...." *Id.* at 24.

Similarly, Eric Cook, WVDOH Project Engineer on the project at issue, stated his duties were "to inspect the structure work" to make sure it is built "in accordance with the plans and specifications." Cook Depo. at 6. He did not believe he had the authority to stop work based on an observed safety violation because that is not within the scope of his duties. *Id.* at 16.

Plaintiffs argue Cook said Defendants' employees would "probably take [his] advice," *id.* at 18, when he warned them about safety. Cook actually stated he would warn someone of something "really obvious" like a crane the person was standing near was rotating around. *Id.* at 14, 18. He also said the employee would probably listen to him because he has a "good rapport with the workers" and not for any other reason. *Id.* at 18–19.

Finally, Plaintiffs argue the testimony of Daniel Ray Thomas, a Mahan employee, substantiates that Mahan and Armstrong were actually WVDOH employees. Thomas instead said WVDOH employees had never told Defendants' employees to change the way in which they were working for safety reasons. Thomas Depo. at 33. The only time he could remember WVDOH employees giving such an order[4] was when something had to be redone "because of specs on the bridge." *Id.*

### 2. Negligent Selection or Supervision

Plaintiffs allege WVDOH is a proper defendant because it negligently selected Mahan and negligently approved the selection of Armstrong, given the companies' records of safety violations. Plaintiffs argue such a claim is outside the endorsement discussed *supra* and, therefore, would be covered by the insurance policy.

The state court specifically rejected this argument. It concluded these claims originated in "ownership or construction of the

---

4. Thomas remembered an instance in which "Pat" suggested Thomas connect his safety belt to a harness. However, the portion of the deposition submitted does not identify "Pat" as a WVDOH employee. More importantly, Thomas did not follow Pat's direction, which does not support Plaintiffs' argument WVDOH employees exercised the authority of an employer over Mahan and Armstrong.

State's roads and bridges, and are thus excluded by Endorsement No. 7." Plaintiffs argue the claims arise instead from an "independent duty to select and approve competent contractors subcontractors [sic] with reasonable care." They cite no statutory or case law nor did they respond with a reply brief.

The Court finds Plaintiffs have failed to show a "reasonable possibility that the judgment of the circuit court . . . will be reversed on appeal." *Arthur,* 798 F.Supp. at 370.[5]

### III. CONCLUSION

Based upon the foregoing reasons, the Court **DENIES** Plaintiffs' motion to remand and **DENIES** as moot Armstrong's motion to compel.

---

**5.** The Honorable Dennis R. Knapp also denied a remand motion in a case presenting substantially the same legal arguments for liability against

WVDOH. *See Hayes v. C.J. Mahan Constr. Co.,* No. 2:97–0726 (S.D.W.Va. Sept. 30, 1997).