Charlotte PRITT, Plaintiff,

v.

THE REPUBLICAN NATIONAL COMMITTEE, et al., Defendants.

No. Civ.A. 5:97–1176.

United States District Court, S.D. West Virginia, Beckley Division.

April 16, 1998.

H.H. Roberts, Charleston, WV, for Plaintiff.

Michael W. Carey, Carey, Hill & Scott, Charleston, WV, Bobby R. Burchfield and Jason A. Levine, Covington & Burling, Washington, DC, for Defendants.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending are (1) Plaintiff's motion to remand; (2) Defendants' motion to dismiss; and (3) Plaintiff's motion to amend the complaint. The Court **GRANTS** the motion to remand and **DENIES** the remaining motions as moot.

## I. FACTUAL BACKGROUND

Plaintiff Charlotte Pritt was the unsuccessful candidate for Governor of the State of West Virginia in an election conducted on November 4, 1996. She alleges Defendants Republican National Committee ("RNC"), National Republican Senatorial Committee ("Senatorial Committee"), West Virginia State Victory Committee ("Victory Committee"), and John and Jane Doe committed common-law libel, slander and defamation by publishing false and injurious statements against her during the gubernatorial campaign. She also alleges Defendants violated certain West Virginia Code provisions.

Pritt instituted this civil action in the Circuit Court of Fayette County, West Virginia. On December 4, 1997 Defendants removed it based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. In the Notice of Removal, Defendants asserted, *inter alia*, (1) Defendant RNC, a West Virginia entity,[1] was fraudulently joined in an attempt by Pritt to defeat diversity; and (2) Defendants Senatorial Committee and Victory Committee are not West Virginia residents and therefore pose no bar to diversity jurisdiction.

## II. DISCUSSION

The pending motions present a host of procedural and substantive issues. Because the Court concludes Defendants have not met their heavy burden of demonstrating the RNC's fraudulent joinder, the Court lacks subject matter jurisdiction over the dispute, and need not resolve many of these issues.

■ As a preliminary matter before reaching the fraudulent joinder issue, the Court must determine which complaint governs these proceedings, the original one that initiated the action in the state court, or the Amended Complaint, which was filed in the state court the day before the case was removed, but was not served on Defendants until after removal. Defendants maintain an amended complaint supersedes an original complaint when the amended complaint is *served* on the parties, not when it is *filed* with the court. Pritt offers no serious disagreement with this rule, which finds substantial support in the caselaw. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *In re Crazy Eddie Securities Litig.*, 948 F.Supp. 1154, 1164–65 (E.D.N.Y.1996); *Beckham v. Grand Affair of North Carolina, Inc.*, 671 F.Supp. 415, 418 (W.D.N.C.1987). Accordingly, for purposes of evaluating fraudulent joinder, the Court will consider the original Complaint only.

■ To sustain a claim of fraudulent joinder, a party must establish either:

[t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.

---

1. Defendants acknowledge that several RNC members are citizens of West Virginia, *see* Notice of Removal at ¶ 4, and concede that this fact renders the RNC a West Virginia citizen for evaluation of diversity jurisdiction. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) ("[D]iversity jurisdiction in a suit by or against [an unincorporat-ed] entity depends on the citizenship of 'all the members' [composing the entity] ....") (citations and quoted authority omitted); *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93 (4th Cir.1983) (courts must look to citizenship of all members of unincorporated association to determine citizenship for purposes of diversity jurisdiction) (citation omitted).

*Slight v. E.I. Du Pont de Nemours & Co., Inc.*, 979 F.Supp. 433, 436 (S.D.W.Va.1997) (Haden, C.J.) (quoting *Watson v. Appalachian Power Co.*, 934 F.Supp. 191, 193 (S.D.W.Va.1996) (Haden, C.J.); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir.1993)); *see also Lewis v. Armstrong Steel Erectors, Inc.*, 992 F.Supp. 842, 844 (S.D.W.Va.1998)(Haden, C.J.). Because Defendants do not allege outright fraud in Pritt's pleadings, they must demonstrate there is no possibility she could establish a cause of action against the RNC in a West Virginia court.

▮ Defendants attempt the heavy burden by arguing "[t]he Complaint fails to allege any involvement by the RNC in the publication of the allegedly defamatory material. Indeed, the only mention of the RNC in the Complaint appears in the caption and in the recitation of defendants' addresses." Defs.' response to motion to remand at 7 (citing to Complaint). Defendants urge that "such bare, conclusory allegations against a non-diverse defendant constitute [ ]fraudulent joinder[ ] and do not support a cause of action sufficient to defeat diversity." *Id.* (citing nonbinding cases). Given the high hurdle Defendants must clear to prevail on the fraudulent joinder issue, this argument warrants only brief evaluation of Pritt's claims against the RNC, and the likelihood, however remote, she could recover against RNC on those claims.

Pritt's apparent theory of recovery against the RNC is the asserted linkage between that entity and its creation, the Senatorial Committee, which in turn established the Victory Committee. These three groups, Pritt maintains, conspired to commit the alleged tortious acts against her. While it is true the RNC is only briefly mentioned in the Complaint, the Complaint is replete with allegations the Defendants "individually" committed tortious acts. *See* Complaint ¶¶ 10, 11, and 14. On these facts, and at this early point in the litigation, the Court simply cannot conclude that, "even after resolving all issues of fact and law in the plaintiff's favor," *Slight*, 979 F.Supp. at 436 (citations omitted), there is no possibility Pritt could establish a claim against the RNC in state court.[2]

### III. CONCLUSION

Because Defendants have not met the burden of establishing the RNC's fraudulent joinder, the Court **GRANTS** the motion to remand.[3] This disposition renders unnecessary the resolution of the remaining pending motions, which the Court thus **DENIES** as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and, together with the file, to the Clerk of the Circuit Court of Fayette County, West Virginia.

---

2. Even if the Court could so conclude, it likely would exercise its discretion to grant Pritt leave to amend her Complaint by adding nondiverse parties David Welch and David Welch Associates. Joinder of these parties would not prejudice the non-movants, nor could it be said the motion to amend was unduly delayed. *See Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 125–26 & n. 5 (S.D.W.Va.1994)(Haden, C.J.). Their *proper presence in the litigation would compel* remand for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(e); *Murray*, 870 F.Supp. at 125.

3. In their briefing on the various motions, Defendants make numerous assertions that Pritt somehow has conceded subject matter jurisdiction in this forum. Subject matter jurisdiction is not something litigants can concede or waive; either it exists, or it does not. Questions relating to jurisdiction can be raised at any time, even *sua sponte* by an appellate court. *See, e.g., Plyler v. Moore*, 129 F.3d 728, 732 n. 6 (4th Cir.1997). This requires circumspection when evaluating the reaches of federal jurisdiction, resolving doubts in favor of remand. *Lewis*, 992 F.Supp. at 844 (cited authority omitted).