**Willard PLUMLEY, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 2:89–1532.**

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 23, 1991.

Robert H. Carlton, Williamson, W.Va., for plaintiff.

William Mundy and S. Douglas Adkins, Huntington, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending in this declaratory judgment action are cross motions for summary judgment made by Plaintiff Willard Plumley (Plumley) and Defendant Allstate Insurance Company (Allstate). Plumley seeks a ruling that he is entitled to the underinsured motorists' coverage included in the automobile insurance policy issued to him by Allstate. Those facts necessary to resolve the parties' cross motions are undisputed.

Plumley's automobile was struck by a motor vehicle on which the primary liability insurance coverage was $100,000 per person and $300,000 per accident. The tortfeasor's insurer paid its policy limit per person of $100,000 to Plumley. Plumley then made demand on Allstate, his carrier, for $100,000 in underinsured motorists' coverage available through his policy covering the motor vehicle he was driving. Plumley also demanded an additional $100,-000 coverage for the cumulative total of all underinsured motor vehicle coverage available through the two covered vehicles owned by him.

Allstate denied coverage contending the tortfeasor was not an underinsured motorist because he had policy limits of liability coverage equal to the underinsured limits of Plumley.

Plumley advanced several arguments which he asserts will result in the tortfeasor being held an underinsured motorist as defined in *W.Va.Code*, § 33-6-31(b). This statute defines an underinsured motor *vehicle* (emphasis supplied) as:

"A motor vehicle with respect to the ownership, operation or use of which there is liability insurance applicable at the time of the accident, but the limits of that insurance are either (i) less than limits the insured carried for underinsured motorists' coverage, or (ii) has [sic] been reduced by payments to others injured in the accident to limits less than limits the insured carried for underinsured motorists' coverage."

Plumley argues that he is entitled to stack the $100,000 underinsured motorists' coverages he has on each of his two motor vehicles to aggregate $200,000 of underinsured motorists' coverage, thereby making the tortfeasor a driver of an underinsured motor vehicle. Plumley further contends that the coverage limits which are to be compared under *W.Va.Code*, § 33-6-31(b) are the per accident limits and *not* the per person limits. Thus, Plumley contends, because (1) the tortfeasor's per accident liability limit of $300,000 was reduced to $298,-500 (due to a settlement by the tort-feasor with a third party injured in the same automobile accident) and (2) Plumley's per accident "stacked" underinsured motorists' coverage of $300,000 exceeds the amount of the tortfeasor's per accident liability coverage available to him, the tortfeasor meets the statutory definition of an underinsured motorist pursuant to *W.Va.Code*, § 33-6-31(b)(ii), supra.

The primary issue Plumley raises, however, is whether

"Allstate Insurance Company has a duty to pay its underinsured motorists' coverage to its policyholder who has $100,000 in underinsured motorists' coverage and who was struck by another motorist who has $100,000 in primary liability insurance coverage assuming *arguendo* the damages suffered by the Allstate insured

are in excess of $200,000." [1]

Plumley requested this Court to withhold its decision on this issue because of matters then pending before the Supreme Court of Appeals of West Virginia.

The West Virginia Court has since announced two decisions which deal with the statutory definition of an underinsured motorist. *Pristavec v. Westfield Ins. Co.*, 400 S.E.2d 575 (W.Va.1990); *Brown, et al. v. Crum, et al.*, 400 S.E.2d 596 (W.Va.1990). These cases held that:

"... underinsured motorists' coverage is activated under *W.Va.Code*, § 33-6-31(b), as amended, when the amount of such tortfeasor's motor vehicle liability insurance actually available to the injured person in question is less than the total amount of damages sustained by the injured person, regardless of the comparison between such liability insurance limits actually available and the underinsured motorists' coverage limits."

*Pristavec*, Syl. pt. 5; *Brown*, Syl. pt. 1.

■ Following *Pristavec* and *Brown*, Plumley need not aggregate or stack the limits of his underinsured motorists' coverage in order to activate this coverage. This is so because under *Pristavec's* construction of *W.Va.Code*, § 33-6-31(b), underinsured motorists' coverage is now activated by comparing the amount of a tortfeasor's motor vehicle liability insurance actually available to the insured with the total amount of damages sustained by the injured person.

■ As previously noted the tortfeasor's insurance company has paid its primary liability insurance coverage of $100,000 to Plumley. The total amount of damages sustained by Plumley, however, is unknown at this time. Under *Pristavec*, the amount of the insured's damages is an integral part of the equation in determining whether one's underinsured motorists' coverage is activated. Without having this information available, this Court is thus unable to make a ruling as to whether Plumley's underinsured motorists' coverage has been activated. Furthermore,

without knowing whether Plumley's underinsured motorists' coverage has been activated, it would be premature, if not impossible, for this Court to decide how much coverage, if any, is available to Plumley.

■ More to the point, *W.Va.Code*, § 33-6-31 does not authorize a direct action against the insurer providing underinsured motorist coverage until a judgment has been obtained against the underinsured motorist, or unless the Plaintiff has settled with the tortfeasor with the approval of the insurer providing underinsured motorist coverage. *Davis v. Robertson*, 332 S.E.2d 819 (W.Va.1985); *Lee v. Saliga*, 373 S.E.2d 345 (W.Va.1988).

■ Plumley's automobile accident occurred on June 6, 1988. Plumley failed to take action against the tortfeasor on or before June 6, 1990. The Court concludes it must dismiss this case because it has no principled basis to determine the amount of Plumley's damages when damages have not been heretofore determined as required by the *Pristavec* decision.

■ Plumley filed the instant complaint in November, 1989. Pursuant to the Court's Time Frame Order, the parties had until March 28, 1990, to join additional parties. The deadline for completing discovery in this action was May 30, 1990. Yet, on September 24, 1990, (19 days after the trial of this matter was scheduled) Plumley moved to amend his complaint, seeking to add the tortfeasor as a party and have that amendment relate back to the filing of the original complaint.

*Rule* 15(a), Federal Rules of Civil Procedure, provides that leave to amend a pleading shall be freely given in the interest of justice. When the opposing party will be prejudiced by such amendment, however, a motion for leave to amend should be denied. *See* Wright, Miller & Kane, *6 Federal Practice and Procedure: Second*, § 1487, n. 5 and accompanying text. In the Court's opinion prejudice is obvious when to permit the amendment would virtually eliminate the affirmative defense of the statute of limitations.

---

**1.** Quoting page 1 of Plaintiff's motion for summary judgment.

For these reasons the Court concludes Plumley's motion to amend should be denied. Also, for reasons previously stated, Defendant's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.