Robert L. MURRAY, Janet L. Murray, Bernie W. Rees, Julie A. Rees, Robert J. Withrow, Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Allstate Insurance Company and H & W Realty Company, Inc., Defendants.

Civ. A. No. 6:94–0817.

United States District Court, S.D. West Virginia, Parkersburg Division.

Dec. 1, 1994.

J. Nicholas Barth, Barth, Thompson & George, Ted M. Kanner, The Ted Kanner Law Office, Charleston, WV, for plaintiffs.

David P. Cleek, Cleek, Pullin, Knopf & Fowler, B. Karlton Kesner Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is plaintiffs' motion to amend and remand. Defendant has responded, and plaintiffs have replied.[1] This matter is mature for adjudication.

Plaintiffs instituted this action in the Circuit Court of Jackson County, West Virginia, on July 16, 1994. In the complaint plaintiffs allege their property was damaged by a rock slide. They seek damages in tort from the landowner of the property where the rock slide originated, and damages in contract from two insurance companies. The complaint alleges H & W Realty Co., Inc. ("H & W") is a West Virginia resident and owner of the property from which the rock slide originated.

On September 19, 1994, Defendant State Farm Fire and Casualty Company ("State Farm"), with the consent of co-defendant Allstate Insurance Company, removed the case to this Court. State Farm contends this Court has jurisdiction over the removal action pursuant to 28 U.S.C. § 1332 (1988).[2] To support diversity jurisdiction, State Farm alleged the parties are from different states and the amount in controversy exceeds fifty thousand dollars. State Farm argued diversity existed because its co-defendant H & W, although a West Virginia resident, was a dissolved corporation, and thus not a viable party to the action. Because it was not a legal entity when the complaint was filed, the consent of H & W was not necessary to remove this action.

Plaintiffs now seek to amend their complaint to substitute Robert B. Harris, Jr. ("Harris") for H & W as a party-defendant. Plaintiffs contend they believed when they filed the complaint H & W was the owner of the property from which the allegedly damaging rock fall originated. They contend they recently discovered H & W was not the owner of the property in question, and assert the true owner of the property is Harris, a West Virginia resident.[3]

State Farm opposes Plaintiffs motion to remand on two grounds: (1) because the issues posed in the tort action against Harris are different than the issues raised in the contract action against the insurance companies; and (2) because diversity jurisdiction may not be defeated by adding indispensable parties to an action.

## I.

■ It is beyond cavil removal statutes must be strictly construed against removal.

---

1. Defendants also filed a surreply and Plaintiffs a surresponse.

2. 28 U.S.C. § 1332 states, in pertinent part:

   "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
       (1) citizens of different States;
       (2) citizens of a State and citizens or subjects of a foreign state;
       (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
       (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

3. Prior to its dissolution, H & W was a West Virginia corporation. Harris was its president.

The burden of proving the propriety of removal falls upon the removing party. As stated recently by the Court of Appeals in *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994):

> "The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). If federal jurisdiction is doubtful, a remand is necessary. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993); *Cheshire v. Coca–Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098, 1102 (D.S.C.1990)."

*Accord Castle v. Laurel Creek Co., Inc.*, 848 F.Supp. 62, 65–66 (S.D.W.Va.1994) (Haden, C.J.), *citing Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993), *Griffin v. Holmes*, 843 F.Supp. 81, 84 (E.D.N.C. 1993), and *ELCO Mechanical Contractors, Inc. v. Builders Supply Ass'n of West Virginia*, 832 F.Supp. 1054 (S.D.W.Va.1993); *Oliver v. American Motors Corp.*, 616 F.Supp. 714, 715 (E.D.Va.1985).

■ State Farm's contention diversity jurisdiction may not be defeated by the joinder of an additional defendant is contrary to the prescription of 28 U.S.C. 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or permit joinder and remand the action to the State court.*" (emphasis added).

*See also* 28 U.S.C. 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Our Court of Appeals has upheld remand where a party was joined after removal, thereby defeating diversity jurisdiction, and held a remand based upon such grounds to be beyond review. *Washington Suburban Sanitary Com'n v. CRS/Sirrine, Inc.*, 917 F.2d 834, 835 (4th Cir.1990). Thus, in the instant case, if the Court permits Plaintiffs to amend their complaint and join Harris as a party defendant, the action must be remanded pursuant to 28 U.S.C. 1447(e) because the Court will no longer have subject matter jurisdiction over the action.

## II.

■ A party may amend its pleading after the filing of a responsive pleading[4] "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Federal Rule of Civil Procedure* 15(a).[5] As stated by the Court of Appeals,

> "[d]isposition of a motion to amend is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Gladhill v. General Motors Corp.*, 743 F.2d 1049 (4th Cir.1984). A motion to amend under Rule 15(a) may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Woodson v. Fulton*, 614 F.2d 940, 943 (4th Cir.1980)." *Deasy v. Hill*, 833

---

**4.** Defendants filed their responsive pleadings prior to the filing of plaintiffs' motions to amend and remand.

**5.** *See also Fed.R.Civ.P.* 21, which states, in pertinent part: "Parties may be ... added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." The addition of a party under either Rule 21 or Rule 15 follows the basic same standard. *Gibbs v. Titelman*, 369 F.Supp. 38, 53 (E.D.Pa.1973), *rev'd on other grounds*, 502 F.2d 1107 (3rd Cir.), *cert. denied*, 419 U.S. 1039, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974) ("Any possible conflicts between the interpretation of [Rule 21 and Rule 15]

arises only when the amending party acts without leave of the Court under Rule 15(a). Otherwise, the same basic standard for adding or dropping parties will apply whether the pleador moves under Rule 15(a) or Rule 21."). *Compare Thorp v. Petrola*, 81 F.R.D. 513, 515 (N.D.W.Va. 1979) (Haden, J.) (Although the Court normally will not permit a Rule 15 motion to defeat subject matter jurisdiction, special circumstances may exist to permit such an amendment and allow remand. *Citing Heatherton v. Playboy, Inc.*, 60 F.R.D. 372 (C.D.Cal.1973); *Adams v. Beland Realty Corp.*, 187 F.Supp. 680 (E.D.N.Y. 1960)).

F.2d 38, 40 (4th Cir.1987), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1271, 99 L.Ed.2d 483 (1988).

*Accord In re Jeffrey Bigelow Design Group, Inc.,* 956 F.2d 479, 482 (4th Cir.1992); *Plumley v. Allstate Ins. Co.,* 772 F.Supp. 922, 924 (S.D.W.Va.1991) (Haden, C.J.); *Raceway Components, Inc. v. Butler Mfg. Co.,* 707 F.Supp. 856, 859 (S.D.W.Va.1989) (Haden, C.J.).

■ The Court concludes Plaintiffs have not delayed unduly the filing of the amended complaint. The complaint was filed initially in state court on July 16, 1994; the motions to amend and remand were filed October 20, 1994, one month after the action was removed.[6]

The Court further concludes the defendants will not be prejudiced by amendment of the complaint. Although the amendment defeats diversity jurisdiction, defendants knew from the commencement of this action plaintiffs meant to include their adjacent landowner, a West Virginia resident, as a party defendant. When plaintiffs realized they had named H & W incorrectly as the landowner-defendant, they seasonably moved to name the correct party, Harris. Had the adjacent landowner, Harris, been properly named in the complaint, there would be no question this action is subject to remand.

### III.

Based upon the foregoing, the Court concludes plaintiffs are not guilty of undue delay and defendants will not be prejudiced unduly by the amendment of the complaint. The Court therefore **ORDERS** plaintiffs motion to amend their complaint **GRANTED.** Because the amendment dissolves diversity jurisdiction of the Court by substituting a nondiverse party-defendant, the Court **REMANDS** this action to the Circuit Court of Jackson County, West Virginia.

---

**6.** Defendants filed their notice of removal on September 19, 1994.