**William R. HARRELL, Plaintiff,**

v.

**PINELAND PLANTATION, LTD.,
and Joseph Land & Co., Inc.,
Defendants.**

Civ. A. No. 2:95–0309–18.

United States District Court,
D. South Carolina,
Charleston Division.

Feb. 6, 1996.

John E. Parker, Hampton, SC, Carl E. Pierce, II, Charleston, SC, for Plaintiff.

Bert Glenn Utsey, III, Joseph J. McGee, Charleston, SC, for Defendants.

### *ORDER*

NORTON, District Judge.

Before the court are motions by Defendant Pineland Plantation ("Pineland") to alter or amend this court's order of October 23, 1995, which remanded this case to state court and a motion to reconsider by Defendant Joseph Land & Co. ("Land"). Having heard oral argument and reviewed the briefs submitted by the parties, this court denies the Defendants' motions because it finds that this court's remand order is not subject to review.

## I. BACKGROUND

This is a personal injury action instituted by Plaintiff, a South Carolina resident, against Defendants Pineland and Land. Plaintiff was injured on a South Carolina property called "Pineland Plantation" which was owned by Pineland, a California limited partnership. Land, a South Carolina corporation, originally owned the property when a rope swing and pond were constructed on it.[1] Land later sold the property to Pineland. Plaintiff was rendered a quadriplegic in 1993 after diving head first into the pond from the rope swing.

After being served with the Summons and Complaint, Pineland learned that its co-defendant Land had changed its name to Archway Transportation Company and had filed a petition in bankruptcy court.[2] Based on Land's bankruptcy, Pineland removed this case to federal court alleging diversity of citizenship and contending service of Land was ineffective because of Land's bankruptcy stay. In its order of March 24, 1995, (hereinafter, the "March Order"), this court held that the original service of a Summons and Complaint on Land was null and void as a result of the automatic stay of 11 U.S.C. § 362. The court denied Plaintiff's Motion to Remand because at that time Land was not a party to the action. However, this court concluded the March Order by stating: "If,

---

1. The swing apparently consists of a rope, a swing, and a tower device built over a man-made pond that were placed on the property when Land owned it.

2. In order to minimize confusion, although this court recognizes Land's name change, it will continue to refer to Archway as Land in this Order.

within the appropriate time frame, Plaintiff obtains relief from the automatic stay and properly serves Land as a defendant, and if the court is convinced at that time that Land's joinder is meritorious despite its status as a bankruptcy petitioner, the court will remand the action to state court." (March Order at 7).

On October 23, 1995, the court considered a second motion by Plaintiff to remand. Plaintiff made this motion subsequent to obtaining relief from the bankruptcy court's automatic stay and after Defendant Land's filing an Answer in this action. Although Defendant Pineland filed a Motion to Dismiss prior to Plaintiff's filing of his Second Motion to Remand, this court decided it was proper to address the jurisdictional issues raised in Plaintiff's Second Motion to Remand first. Order of October 23, 1995, at 3–4 (hereinafter the "October Order"). After granting Plaintiff's Second Motion to Remand, the court refused to address Defendant Pineland's Motion to Dismiss. Further, this court held that it could not find Plaintiff's joinder of Land was fraudulent based on the standard announced in *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1994). October Order at 4–5.

## II. ANALYSIS

■ This court agrees with Defendants that the October decision to remand was made pursuant to 28 U.S.C. § 1447(e). The issue before the court at that time was whether to allow the joinder of Land, a non-diverse party which would destroy diversity,

after the Defendant Pineland had removed the case to federal court based on diversity.

Section 1447(e) states:

If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court.

28 U.S.C. § 1447(e) (emphasis added). The court therefore has only two options when considering post-removal joinder of a non-diverse party: (1) it may deny joinder or (2) it may permit joinder and then remand the case. In this case, the court permitted joinder and remanded the case.

■ The issue presently before the court is whether the bar to reviewability of a remand order provided in § 1447(d), which is clearly applicable to remands made pursuant to § 1447(c), is also applicable to a remand made pursuant to § 1447(e). Section 1447(d) states:

An order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise ...

28 U.S.C. § 1447(d) (emphasis added).

■ This court finds that 28 U.S.C. § 1447(d) precludes the court from reviewing its October remand decision made pursuant to § 1447(e).[3] Once a district court remands a case, the action should generally go forward in state court without further delay of an appeal and without regard to whether the district court was correct or incorrect. *Robertson v. Ball*, 534 F.2d 63 (5th Cir.1976).[4]

---

3. Further, although once the clerk of court certifies the remand order to the clerk of state court, this court is without jurisdiction to entertain further matters, *see United States v. Rice*, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946), the court is considering these motions to resolve the apparent confusion surrounding § 1447(e) remands. The remand order was issued on October 23, 1995, and Defendants' motions were filed on November 2, 1995. Prior to filing its Motion for Reconsideration, Defendant Land verbally notified the court of its intentions to do so, and the court agreed to hear the matter. The case file was mailed to state court on October 26, 1995.

4. To the extent that this court relied in its October order on the test for determination of fraudulent joinder in *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1994), this court agrees that the more appropriate test would have been a "balance of equities" approach announced by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987), cert. denied, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989). Although it appears that the Fourth Circuit Court of Appeals has not had the opportunity to adopt the *Hensgens* balancing of equities approach, many other courts have used these factors to interpret and apply § 1447(e). *See Jarriel v. General Motors Corp.*, 835 F.Supp. 639, 640–41 (N.D.Ga.1993); *Carter v. Dover Corp.*, 753 F.Supp. 577, 579 (E.D.Pa.1991) (citing cases); *Hughes v. Promark Lift, Inc.*, 751 F.Supp. 985, 987 (S.D.Fla.1990). "Virtually every court to address the joinder question since the enact-

This issue has already been directly addressed by the Fourth Circuit. In *Washington Suburban Sanitary Comm's v. CRS/Sirrine, Inc.,* 917 F.2d 834 (4th Cir.1990), the Fourth Circuit Court of Appeals relied on the Supreme Court's opinion in *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) to determine the bar to reviewability of a remand order under § 1447(d) applied not only to § 1477(c) remands, but also included remands made pursuant to § 1447(e). *Washington Suburban* was a case in a procedural posture very much similar to this case in that the court remanded the case pursuant to § 1447(e) after non-diverse defendants were joined to the removed action. 917 F.2d at 836. The *Washington Suburban* court acknowledged that in *Thermtron,* the Supreme Court stated that the nonreviewability of § 1447(d) only applied to § 1447(c) remands, but also recognized that § 1447(e) was not enacted until twelve years after *Thermtron.* The court interpreted *Thermtron* to hold that § 1447(d) prohibited review of cases "remanded on a ground expressly provided for in § 1447." *Id.* at 836. Further, the court noted that although § 1447(e) did not exist when *Thermtron* was decided, it was logical to extend the bar to reviewability of § 1447(d) to § 1447(e).

The *Washington Suburban* court explained:

> We note that much of the language in *Thermtron* is cast in terms of the grounds given for remand in § 1447(c). Section 1447(e) was not added to § 1447 by Congress until 1988. We fail to see any reason to treat the grounds for remand authorized by § 1447(e) in a different way than the Supreme Court treated the grounds authorized in § 1447(c). Our opinion is reinforced by the policy behind the Congressional decision to limit review of remand orders. In the words of the Supreme Court, "[t]here is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, ... Congress immunized

from all forms of appellate review any remand order issued on the grounds specified" in the statute. *Thermtron,* 423 U.S. at 351, 96 S.Ct. at 593 (citation deleted). It seems to us that the interest in preventing delay is the same whether the remand is based on the grounds authorized in § 1447(c) or based on the grounds authorized in § 1447(e).

*Id.* at 836 n. 5; *see Murray v. State Farm Fire and Casualty Co.,* 870 F.Supp. 123, 125 (S.D.W.Va.1994) ("Our Court of Appeals has upheld remand where a party was joined after removal, thereby defeating diversity jurisdiction, and held a remand based upon such grounds to be beyond review."); *cf. Meyer v. Callon Petroleum Oil Co.,* 1995 WL 301365 (E.D.La.1995) (unpublished opinion, text available on Westlaw) ("While explicitly citing only subsection (e) of 1447, it is patent that the Court is also relying upon (c) in remanding the case. The reason for the remand is lack of subject matter jurisdiction").

Defendants disregard *Washington Suburban* and rely on *Jamison v. Wiley,* 14 F.3d 222 (4th Cir.1994), to argue that § 1447(d) only applies to § 1447(c) remands and does not bar review of a § 1447(e) remand. Although a cursory reading of the language in *Jamison* appears to support Defendant Pineland's position, a closer analysis of that case and others relied on by Pineland reveal otherwise.

Defendants rely on the following passage from *Jamison:*

> On its face, § 1447(d) appears to preclude appellate review of *all* remand orders, regardless of basis. But as we all know, the Supreme Court has declined to give § 1447(d) such a literal meaning, holding instead that it insulates from review *only* those remand orders that are based on grounds specified in 28 U.S.C. § 1447(C).

*Id.* at 231 (citing *Thermtron* 423 U.S. at 346, 96 S.Ct. at 590). However, the *Jamison* court further noted that under the facts in

---

ment of § 1447(e) views the statute as signaling a departure from a strict Rule 19 analysis and providing a flexible, broad discretionary approach of the type described in *Hensgens." Car-*

*ter,* 753 F.Supp. at 579. However, even under the *Hensgens* balance of equities approach, this court believes that remand is appropriate in this case.

the case, the "district court was remanding not because it believed it lacked jurisdiction over the removed action, but because it thought it had discretion to decline to exercise that jurisdiction once it decided that the United States was not the proper defendant and thus that there was no FTCA claim in the case." *Id.* at 233. Therefore, at issue in *Jamison* was a discretionary remand as opposed to a mandatory remand governed by the subsections of § 1447.[5]

Because this court finds that *Washington Suburban* clearly applies in this situation, this court is precluded from reviewing its previous remand order. Additionally, this court finds that the severability doctrine discussed in *Powers v. Southland Corp.*, 4 F.3d 223, 230 (3rd Cir.1993) is not applicable to this court's decision. *See id.* at 230 n. 8.

### III. CONCLUSION

For the foregoing reasons, it is therefore,

**ORDERED** that Defendant Pineland's Motion to Alter or Amend is **DENIED,**

**ORDERED** that Defendant Land's Motion for Reconsideration is **DENIED,**

**AND IT IS SO ORDERED.**

---

**5.** Pineland states that "[n]umerous recent cases have recognized the fact that the nonreviewability provisions of 28 U.S.C. § 1447(d) extend only to orders of remand pursuant to § 1477(c)." Pineland's Reply Memorandum at 2. Although there is some truth to this statement, it is somewhat misleading when considered in terms of § 1447(e) remands. None of these cases specifically address the issue of the nonreviewability of a § 1447(e) remand. In the cases cited by Pineland, the nonreviewability provision of § 1447 did not apply because the grounds for remand were not those "expressly stated" in the statute. *See Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 761 (5th Cir.1994) (discretionary remand involving pendant state law claims considered to be a "non-Section § 1447(c) remand."); *PAS v. Traveler's Ins. Co.*, 7 F.3d 349, 351–52 (3rd Cir.1993) (discretionary remand under § 1367 supplemental jurisdiction); *Doughty v. Underwriters at Lloyd's London*, 6 F.3d 856, 860 (1st Cir.1993) (review of remand not precluded because district court remanded based on *Burford* abstention); *Hamilton v. Aetna Life & Casualty. Co.*, 5 F.3d 642, 644 (2nd Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1100, 127 L.Ed.2d 413 (1994) (review of remand allowed because remand on grounds of procedural defect, not § 1447(c)).