**William O. GUM, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, et al., Defendants.**

**Civil Action No. 6:97–1273.**

United States District Court, S.D. West Virginia, Parkersburg Division.

May 26, 1998.

Walt Auvil, Pyles & Auvil, Parkersburg, WV, for Plaintiff.

J. Michael Weber, Spilman, Thomas & Battle, Parkersburg, WV, Patrick W. Shea and John W. Hamlin, Paul, Hastings, Janofsky & Walker, Stamford, CT, for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiff's first and second

motions to amend his complaint.[1] The matter is ripe for review. For the following reasons, the Court **DENIES** the motions.

## I. FACTUAL BACKGROUND

On December 11, 1997 Plaintiff William Gum filed this civil action in the Circuit Court of Wood County, West Virginia, alleging age discrimination in violation of the West Virginia Human Rights Act, *W.Va.Code* § 5–11–1, *et seq.* Gum named four defendants in his Complaint: his employer, the General Electric Company ("GE"), and three individuals who had served as Plaintiff's supervisor, manager and Human Resources manager for the three years preceding his retirement.[2] Gum alleges Defendants discriminated against him by, *inter alia,* demoting him, reducing his pay, and replacing him with a younger employee. Plaintiff contends that as a result of these actions he retired effective April 1, 1996.

On December 31, 1997 GE removed the case on the basis of diversity jurisdiction because none of the defendants were West Virginia citizens.[3]

On February 25, 1998 Gum filed his first motion to amend the complaint, seeking to add H. Robert Walker, who supervised Gum between the years 1989 and 1991. Gum alleges Walker participated in age discrimination by participating in decisions (1) removing Gum from particular job duties and (2) setting discriminatorily low salaries and raises for Gum. Gum contends the negative effects of Walker's actions continuously affected Plaintiff throughout his remaining employment with GE, up to and including his retirement on April 1, 1996.

On March 19, 1998 Gum filed his second motion to amend his complaint, seeking to add Judy Allen, who was Gum's benefits counselor when he retired. Allen's duties included counseling prospective retirees about their retirement options and benefits.

Allen counseled Gum in February 1996 when he was considering retirement. Gum allegedly told Allen he "believed he was being forced out by Defendants' mistreatment and that the mistreatment was due to his age." Plt.'s Mem. at 2, Second Mot. Gum alleges Allen took no action to correct the effects of discrimination, but aided the discrimination by continuing to process Gum's retirement papers.

Both Walker and Allen are West Virginia citizens and, if joined, either would destroy diversity jurisdiction, requiring remand. *See Washington Suburban Sanitary Comm'n v. CRS/Sirrine, Inc.,* 917 F.2d 834, 835 (4th Cir.1990). This second shoe has not hit the floor because Gum has not moved to remand yet.

Gum argues he may amend the complaint because (1) it will "permit the presentation of the case upon its merits and will not prejudice any party," Plt.'s Mem., First Mot., at 2; and (2) Defendants cannot establish fraudulent joinder. Gum argues "[t]he sole question appropriate for consideration by this Court, is whether the interaction between the Plaintiff and [each proposed defendant] is such that Plaintiff states a claim" against them under the West Virginia Human Rights Act. Plt.'s Reply, Second Mot., at 3.

Defendants oppose the motion because (1) Gum's purpose is to destroy diversity and (2) Gum states no cognizable claim against either proposed additional defendant. Defendants argue the Court has discretion to deny the motions to amend under 28 U.S.C. § 1447(e).

## II. DISCUSSION

Analysis begins under 28 U.S.C. § 1447(e) which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or per-

---

1. Pending also is Plaintiff's motion for leave to file surreply to Defendants' surresponse to the first motion. The Court **GRANTS** the motion.

2. The four originally named defendants will be referred to collectively as "Defendants." The individuals Gum seeks to add will be referred to by name or as "proposed defendants."

3. Between the actions alleged in the complaint and the time of the filing, the individual defendants had since moved or been transferred from West Virginia to other states.

mit joinder and remand the action to the State court." *Rule* 15 of the *Federal Rules of Civil Procedure* furthermore provides a party may amend its pleading after a responsive pleading has been filed[4] "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).[5] " '[D]isposition of a motion to amend is within the sound discretion of the district court.' " *Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 125–26 (S.D.W.Va.1994) (Haden, C.J.) (quoting *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir.1987), *cert. denied*, 485 U.S. 977, 108 S.Ct. 1271, 99 L.Ed.2d 483 (1988) (citations omitted)).

■ When exercising discretion in ruling on a motion to amend, "[v]irtually every court to address the joinder question since the enactment of § 1447(e) views the statute as signaling a departure from a strict *Rule* 19 analysis and providing a flexible, broad discretionary approach of the type described in *Hensgens on Behalf of Hensgens* [*v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989)]." *Harrell v. Pineland Plantation, Ltd.*, 914 F.Supp. 119, 120 (D.S.C.1996) (quoting *Carter v. Dover Corp.*, 753 F.Supp. 577, 579 (E.D.Pa.1991)).[6] In *Hensgens*, the Fifth Circuit discussed the dynamics at issue in a motion to add a nondiverse defendant.

We are confronted with competing interests. On one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources. On the other side, the diverse defendant has an interest in retaining the federal forum. Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum.

*Id.* at 1182. Accordingly, the *Hensgens* court established several factors for the district court to consider, which include, "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Coley v. Dragon, Ltd.*, 138 F.R.D. 460, 465 (E.D.Va.1990) (citing *Hensgens*, 833 F.2d at 1182).

■ Considering all pleadings and memoranda before it, the Court finds the amendments are being submitted primarily for the purpose of defeating federal jurisdiction. The amendments were filed soon after the case was removed and before significant discovery occurred, eliminating the argument Gum discovered facts previously solely within Defendants' possession. Moreover, it appears Gum unsuccessfully tried to inhibit removal by cleverly limiting his complaint. *See* Complaint at 1 (identifying individual Defen-

---

4. Defendants filed their responsive pleadings prior to the filing of Plaintiff's motions to amend.

5. *See also* Fed.R.Civ.P. 21, which states, in relevant part: "Parties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." As this Court previously stated, "The addition of a party under either *Rule* 21 or *Rule* 15 follows the basic same standard." *Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 125 n. 5 (S.D.W.Va. 1994) (Haden, C.J.) (citations omitted).

6. The Fourth Circuit previously opined that a *Rule* 15(a) motion to amend should be granted in the "absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Davis v. Piper Aircraft Corp.*,

615 F.2d 606, 613 (4th Cir.1980). The test has been restated as permitting denial of a motion to amend "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir.1987), *cert. denied*, 485 U.S. 977, 108 S.Ct. 1271, 99 L.Ed.2d 483 (1988). This Court applied the test in *Murray*, 870 F.Supp. at 125, and in *Pritt v. Republican Nat'l Comm.*, 1998 WL 199670 (S.D.W.Va. April 16, 1998) (Haden, C.J.). The *Hensgens* factors bear a close relation to the originally stated *Davis* test, and appear not to conflict with the restated *Davis* test.

Although the Fourth Circuit has neither adopted nor rejected the *Hensgens* analysis, the Court is persuaded it is correct in its choice of analytical factors. Other trial courts in our Circuit have likewise concluded. *See, e.g., Harrell v. Pineland Plantation, Ltd.*, 914 F.Supp. 119, 120 (D.S.C.1996); *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D.Va.1990).

dants as West Virginia residents "at all times relevant hereto"). Finally, this is not a situation similar to *Murray,* in which, from the outset, plaintiffs intended to sue an adjacent landowner but failed to identify the correct landowner in their initial pleadings. *See Murray,* 870 F.Supp. at 126. Allen's alleged actions are distinct, in fact and theory, from those of Defendants. Walker's actions are distinct not only in fact but also, significantly, in time. Thus, neither Allen nor Walker were reasonably identifiable in the initial pleadings.

Second, the Court finds Gum was dilatory in seeking the amendments. It appears Gum was aware of the facts underlying the proposed allegations,[7] such that he could have included them *ab initio*[8] or sought an amendment earlier than he did. *See O'Connor v. Automobile Ins. Co.,* 846 F.Supp. 39, 41 (E.D.Tex.1994). The proximity of removal and the motions to amend, with little intervening discovery, suggests the motions were filed as tactical maneuvers, rather than as the result of newly discovered facts. *See AIDS Counseling & Testing Centers v. Group W Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir.1990) (affirming the denial of a motion to amend and stating "Judge Niemeyer noted that the plaintiffs had filed their motion to amend shortly after the case was removed to federal court and before they had undertaken any discovery.").

Third, Gum will not suffer any serious prejudice if the amendments are denied. If Gum's arguments are correct about the viability of his claims against each defendant, he may test each in state court.[9] Although this results in the potential for parallel state/federal proceedings, the mere goals of judicial efficiency and comity do not alone govern the Court's exercise of discretion. It is well-established federal courts have a "virtually

unflagging obligation ... to exercise the jurisdiction given them," *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), unless and until an exception to its jurisdiction applies.

Fourth, in considering "other equitable factors," the Court is cognizant of the interest of Defendants in retaining a federal forum. As the *Hensgens* court stated, "the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum." 833 F.2d at 1182 (stating also "Because the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum."). Considering all the above factors, as well as the arguments of counsel, the Court in its discretion **DENIES** joinder.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motions to amend.

---

7. Gum offers no reason for seeking the first amendment. As to the second, Gum states he recently became aware of the "significance of Allen's actions," not that he recently became aware of her actions. Plt.'s Mem. at 2, Second Mot.

8. Had Walker and Allen been defendants prior to removal, the Court would be engaged in an entirely different analysis. "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot

establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993).

9. The Court notes Gum faces definite legal obstacles in stating cognizable claims against the proposed defendants, especially a statute of limitations defense by Walker and because of the attenuated allegation of liability against Allen.