**Maxamilleon M. DOBBS, Plaintiff,**

v.

**JBC OF NORFOLK, VA INC., a/k/a Jillian's,**

and

**John Does, 1, 2, 3, 4, and 5, Persons Unknown, Defendants.**

**Civil Action No. 2:07cv427.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 13, 2007.

Wesley Blair Simon, Rabinowitz Swartz Taliaferro Swartz & Goodove, Norfolk, VA, for Plaintiff.

William Beverley Tiller, Tiller Law Group, Richmond, VA, for Defendants.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

In an Order entered on November 7, 2007, this court granted plaintiff Maxamilleon M. Dobbs ("plaintiff") leave to amend his complaint to add as defendants "John Does, 1, 2, 3, 4, and 5" (the "John Does"). Plaintiff now seeks to remand this action to the Circuit Court of the City of Norfolk, Virginia, upon belief that discovery will show these defendants to be non-diverse. However, the John Does fall into 28 U.S.C. § 1441(a)'s category of persons "sued under fictitious names who[se citizenship] shall be disregarded" for purposes of removal. *Australian Gold, Inc. v. Hatfield,* 436 F.3d 1228, 1234–35 (10th Cir.2006); *see Howell ex rel. Goerdt v. Tribune Entm't Co.,* 106 F.3d 215, 218 (7th Cir. 1997); *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 948 (6th Cir.1994).

Plaintiff will not lose his opportunity to remand the case, if it is determined during discovery that the presence any of the John Does destroys diversity. 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal . . ." (emphasis added). The Fourth Circuit has held that the thirty-day time limitation in 28 U.S.C. § 1447(c) applies only to objections to defects in removal *procedure. State v. Ivory,* 906 F.2d 999, 1000 (4th Cir.1990) ("The thirty-day limitation applies only to objections to defects in removal procedure. [The plaintiff's] objection here is that the court lacks subject matter jurisdiction, an objection that may be raised by the parties at any time or by the court *sua sponte.*"): *see also Livesay v. Carolina First Bank,* Civil No. 1:06cv45, 2007 WL 1387992, at *2 (W.D.N.C. May 9, 2007) (applying *Ivory* to a motion to remand based on the absence of diversity).[1]

The citizenship of the John Does is disregarded at this juncture under 28 U.S.C. § 1441(a). Therefore, diversity of citizenship exists in this action and plaintiff's motion to remand is **DENIED**. Because the thirty-day limitation of 28 U.S.C. § 1447(c) is inapplicable to a remand based on the absence of diversity jurisdiction, the plaintiff can properly renew his motion to remand if and when it becomes clear that diversity in this action is lacking. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

---

1. Other circuits are in accord with this reading of 28 U.S.C. § 1447(c). *See, e.g., Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455 (5th Cir.1998); *Resolution Trust Corp. v. BVS Dev., Inc.,* 42 F.3d 1206, 1211 (9th Cir.1994); *Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497, 1502 (8th Cir.1992). In *Ragas,* the Fifth Circuit noted:

> Although[ ] Ragas filed the motion to remand more than 30 days after the notice of removal was filed, the district court was incorrect in finding that the motion to remand was untimely. Ragas' remand motion was based upon a purported lack of diversity jurisdiction. Because Ragas' challenge was to the subject matter jurisdiction of this court, the motion to remand need not have been made within 30 days.

136 F.3d at 457.