**Maxamilleon M. DOBBS, Plaintiff,**

v.

**JBC OF NORFOLK, VA, INC., a/k/a Jillian's, and John Does, 1, 2, 3, 4, and 5, Persons Unknown, Defendants.**

Civil Action No. 2:07cv427.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 3, 2008.

Wesley B. Simon, Esquire, Rabinowitz Swartz Taliaferro Swartz & Goodove, Norfolk, VA, for Plaintiff.

Sarah M. Floyd, Esquire, William B. Tiller, Esquire, Tiller Law Group, Richmond, VA, for Defendants.

### *MEMORANDUM REMAND ORDER*

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on the plaintiff's motion to amend his complaint and his motion to remand this action to the Circuit Court of the City of Norfolk, Virginia. For the reasons set forth below, the plaintiff's motions are **GRANTED.**

### I. Factual and Procedural History

This is a personal injury action arising from injuries sustained during a brawl at a nightclub which took place on September 1, 2006. On the night in question, the plaintiff, Maxamilleon M. Dobbs ("Dobbs"), was a patron at a nightclub owned by defendant JBC of Norfolk, Virginia, Inc. ("JBC"). At some point during the evening, a fracas broke out at the nightclub. According to his complaint, Dobbs was swept up in the mayhem, and was attacked by a group of people comprised of other patrons as well as JBC security personnel. Dobbs sustained injuries as a result, and now brings the following claims against JBC: assault and battery, negligent hiring and improper training, negligent supervision, and a premises security claim. He also seeks punitive damages.

Dobbs initially filed this action against JBC in the Circuit Court of the City of Norfolk, Virginia, on August 13, 2007, without service on JBC. On September 17, 2007, JBC removed the action to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441.[1] JBC filed an answer on September 19, 2007.

On November 7, 2007, the court granted Dobbs's motion to amend his complaint to add defendants known only as "John Does 1 through 5" (the "John Does").[2] In a Memorandum Order filed on November 13, 2007 (the "November 13, 2007 Memorandum Order"), the court denied Dobbs's motion to remand this action, which he filed on the basis that discovery would show that the presence of the John Does would destroy complete diversity. In denying Dobbs's motion to remand, the court found that "the John Does fall into 28 U.S.C. § 1441(a)'s category of persons sued under fictitious names whose citizenship shall be disregarded for purposes of removal." *Dobbs v. JBC of Norfolk, VA Inc.*, 521 F.Supp.2d 531, 532 (E.D.Va.2007) (internal quotation marks and citations omitted). The court noted that Dobbs would "not lose his opportunity to remand the case, if it is determined during discovery that the presence [of] any of the John Does destroys diversity." *Id.* (noting that the parties or the court may raise an objection to the court's subject matter jurisdiction at any time). On November 15,

1. Dobbs is a citizen of Virginia. JBC is a Delaware corporation with its principal place of business in Kentucky.

2. In his motion for leave to amend his complaint to add the defendant "John Does," Dobbs did not specify whether these defendants were fellow patrons or JBC employees on the night in question.

2007, JBC filed an answer to Dobbs's amended complaint.

On March 11, 2008, Dobbs filed a motion to amend his complaint for the second time, in order to add the following three defendants, all of whom were employed by JBC on September 1, 2006: Nathan Hilton ("Hilton") and Dennis Benson ("Benson"), whom Dobbs claims directly injured him during the brawl, and Frank Melvin ("Melvin"), whom Dobbs claims was negligent in his hiring, training, and supervision of the employees who injured Dobbs on the night in question. Also on March 11, 2008, Dobbs filed a second motion to remand this action, because Hilton, Benson, and Melvin are Virginia citizens whose presence destroys complete diversity, and therefore adding them as defendants divests this court of subject matter jurisdiction. JBC filed a response in opposition to Dobbs's motions to amend and remand on March 24, 2008,[3] and Dobbs replied on March 26, 2008. The matter is ripe for review, and oral argument is not necessary for determination. *See* E.D. Va. Local Civ. R. 7(J).

## II. Standard of Review

In cases such as this, where the plaintiff seeks to join nondiverse defendants after the case has been removed, the analysis begins with 28 U.S.C. § 1447(e). *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).[4] Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Once the court determines that joinder is appropriate, remand is automatic: "the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined." *Mayes*, 198 F.3d at 462.

Under § 1447(e), the decision of whether to permit joinder "is committed to the sound discretion of the district court." *Id.*; *see also Coley*, 138 F.R.D. at 467 ("Congress intended the courts to have broad discretion to allow joinder even though remand may-result."). In exercising its discretion under the statute, the court will consider "all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes*,

---

**3.** On March 10, 2008, JBC filed a motion for summary judgment, to which Dobbs has responded and JBC has replied. On March 13, 2008, Dobbs filed a motion for an extension of time to complete discovery, to which JBC has responded and Dobbs has replied. In light of the court's ruling on Dobbs's motion to amend and motion to remand, these motions are not addressed by this court, and may be renewed before the state court.

**4.** Both Dobbs and JBC have characterized this matter as an amendment to Dobbs's complaint, and have proceeded under Federal Rule of Civil Procedure 15(a), which deals with amendments to pleadings. However, Dobbs's proposed amended complaint contains no "amendments;" rather, it simply requests the joinder of Hilton, Benson, and Melvin to this action, because Dobbs's alleged right to relief against them arises out of the same transaction or occurrence as his alleged right to relief against JBC, and because questions of law or fact common to all defendants are likely to arise in the action. *See* Fed. R.Civ.P. 20(a). Therefore, the court will construe Dobbs's request as a request for joinder pursuant to Rule 20. *E.g., Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (noting that 28 U.S.C. § 1447(e) governs this type of request to amend); *cf. also Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D.Va.1990) (noting that a "balancing of the equities" approach, which is distinct from an analysis under Rule 15, governs a court's decision to allow joinder and remand).

198 F.3d at 462 (internal quotation marks and citations omitted). In deciding whether to allow the plaintiff to join nondiverse defendants, the court conducts a "balancing of the equities." *Id.* at 463.

### III. Analysis

■ The first factor that the court will examine is whether Dobbs seeks to join Hilton, Benson, and Melvin to this action for the specific purpose of avoiding federal jurisdiction. *Mayes,* 198 F.3d at 462–63. Dobbs does not appear to be seeking to avoid this court's jurisdiction by requesting to add these defendants to this action. Because the events giving rise to Dobbs's injuries took place in the midst of a chaotic barroom brawl, it is reasonable that Dobbs was unaware of the identities of these defendants at the time he filed his action in state court. It is also reasonable to assume that the only way that Dobbs could learn the identities of these defendants would be through discovery. Indeed, that appears to be what happened in this case.[5] *Compare id.* at 463 ("[W]here ... a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.").

Importantly, the allegations against Hilton, Benson, and Melvin, like the allegations against JBC, arise from the events of September 1, 2006. Because Dobbs seeks to add defendants whose identities he learned during the course of discovery, and whose actions are generally not distinct from the alleged actions of JBC, it is unfair to characterize Dobbs's request for joinder as made for the specific purpose of avoiding federal jurisdiction. *Compare McCaulley v. Purdue Pharma, L.P.,* 172 F.Supp.2d 803, 809–10 (W.D.Va.2001) (refusing to join a nondiverse defendant whom the court believed the plaintiff was trying to "squeeze" into the existing causes of action for the purpose of destroying diversity); *Gum v. Gen. Elec. Co.,* 5 F.Supp.2d 412, 415 (S.D.W.Va.1998)(refusing to join defendants whose actions were distinct in fact and in theory from the actions of the initial defendants). JBC does not argue that Dobbs's inclusion of Hilton, Benson, and Melvin amounts to fraudulent joinder. *See Mayes,* 198 F.3d at 463. If these defendants, along with defendant JBC, contributed to the injuries of which Dobbs complains, then Dobbs is entitled to join them as defendants to this action. *See* Fed.R.Civ.P. 20(a)(2). Accordingly, the court finds that Dobbs's request to join Hilton, Benson, and Melvin is not made for the specific purpose of avoiding federal jurisdiction.

The next question the court asks is whether Dobbs was dilatory in requesting to join Hilton, Benson, and Melvin to this action. *Mayes,* 198 F.3d at 462. JBC points out that Dobbs was aware of the identities of Hilton and Melvin as early as November 1, 2007, and that Dobbs learned

---

**5.** The court realizes that Dobbs did file a motion to amend his complaint and remand this action soon after the case was removed. However, these motions were made under the mistaken belief that remands based on a lack of diversity subject matter jurisdiction are governed by the thirty-day time limitation set forth in 28 U.S.C. § 1447(c). As the court noted in its November 13, 2007 Memorandum Order, § 1447(c) applies only to defects in removal procedure, not defects in the subject matter jurisdiction of the court. *Dobbs,* 521 F.Supp.2d at 532. Objections to subject matter jurisdiction may be raised by any party (or the court) at any time. *Id.* Dobbs's belief, although erroneous, that he would lose his opportunity to remand the action if he did not do so within thirty days of removal, provides an explanation for his initial motion to remand and demonstrates that it was not filed for the specific purpose of avoiding this court's jurisdiction.

of the identity of Benson on February 6, 2008. JBC also notes that Dobbs did not seek to depose these witnesses prior to the deadline of Dobbs's discovery period, which was February 19, 2008.[6]

JBC is correct in pointing out that Dobbs was not especially timely in seeking to join Hilton, Benson, and Melvin. However, in light of the apparent confusion surrounding the availability of JBC's witnesses,[7] and in light of the fact that Dobbs filed the instant motions approximately one month after learning of Benson's identity,[8] Dobbs's apparent untimeliness, while weighing against him in the equation, is not so egregious as to foreclose the possibility of still ultimately ruling in his favor.[9] Finally, in light of the court's November 13, 2007 Memorandum Order, in which it was made explicit that Dobbs could re-file a motion to remand at the appropriate time, the court disagrees with JBC's assertion that Dobbs filed the present motions solely for the purpose of avoiding an adverse ruling on JBC's motion for summary judgment.[10]

The court next considers the injury to Dobbs if his request to join Hilton, Benson, and Melvin is denied. *Mayes*, 198 F.3d at 462. The court finds that this injury would be significant. In denying Dobbs's first motion to remand, the court made it clear that Dobbs retained the opportunity to seek remand of the case, if discovery determined the existence of nondiverse defendants. *Dobbs*, 521 F.Supp.2d at 532.[11] More importantly, if Hilton, Benson, and Melvin did in fact contribute to his injuries, as he alleges, Dobbs is entitled to seek redress from them. Furthermore, because these additional defendants were employees of JBC at the time of the events in question, Dobbs has a significant interest in resolving the allegations against them at the same time that the allegations against JBC are resolved.[12]

**6.** In response, Dobbs points to what the court will characterize as a "misunderstanding" between counsel for each of the parties regarding statements made by JBC's counsel as to the availability of its witnesses for depositions. This miscommunication provides the basis for Dobbs's request to extend his discovery period. Evidently, there was some confusion as to whether these witnesses would be available after the close of Dobbs's discovery period.

**7.** *See supra* note 6.

**8.** The court assumes that Dobbs had to undertake a reasonable investigation once he learned of Benson's identity, in order to determine whether to seek leave to join Benson as a defendant.

**9.** The court notes that Dobbs's delay differs from those instances in which a plaintiff knows the identities of additional nondiverse defendants prior to removal, but delays seeking joinder until after the case has been removed. *See McCaulley*, 172 F.Supp.2d at 809; *Gum*, 5 F.Supp.2d at 415. Unlike the plaintiff in *Gum*, Dobbs was unable to add Hilton, Benson, and Melvin to this action *ab initio*, as he did not know their identities when he filed this action in state court. *See* 5 F.Supp.2d at 415. Similarly, unlike the plaintiff in *McCaulley*, Dobbs did not learn the identities of these defendants prior to removal by JBC. *See* 172 F.Supp.2d at 809.

**10.** JBC does not forego its motion for summary judgment, as this court does not rule on it. *See supra* note 3.

**11.** JBC correctly points out that Dobbs does not claim that Hilton, Benson, and Melvin are the John Does whom he was previously given leave to add to this action. Rather, in his proposed second amended complaint, Dobbs asserts that the John Does were fellow patrons of JBC on the night in question. However, when he sought leave to add the John Does to this action, Dobbs did not indicate whether they were other patrons or JBC employees. In any event, the court's ruling in the November 13, 2007 Memorandum Order covers all nondiverse defendants whose joinder is found to be appropriate. *See* 28 U.S.C. § 1447(e).

Finally, the court considers all of the other factors bearing on the equities in this case. *Mayes*, 198 F.3d at 462. Here, "the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources," is considerable. *Id.* at 463 (internal quotation marks omitted). If Dobbs proceeds to sue Hilton, Benson, and Melvin in state court for their role in the same events for which Dobbs is suing JBC in this court, this is an inefficient use of judicial resources with the potential for inconsistent results; it is very likely that both a state court and this court would have to resolve issues surrounding what, if any, liability for these defendants' actions is imposed on JBC under the doctrine of *respondeat superior*.

However, in balancing the equities, the court also must consider JBC's interest in retaining this federal forum, *Gum*, 5 F.Supp.2d at 414, as well as any undue prejudice to JBC from the decision to allow joinder and remand. *Cf. Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980) (noting that undue prejudice to the nonmovant is a factor that should be considered when deciding whether to grant leave to amend under Rule 15); *Gum*, 5 F.Supp.2d at 414 n. 6 (same). In this regard, JBC should have been aware

from the outset of this action, based on the nature of Dobbs's lawsuit originally filed in state court and involving only state law claims arising from a sudden, chaotic brawl involving numerous individuals at a nightclub, that Dobbs could not necessarily be expected to know the identities of all of his alleged assailants at the time he filed the action in state court. Furthermore, it was surely foreseeable to JBC that once the identities of these alleged assailants were determined in discovery, federal jurisdiction premised on diversity might be destroyed. This fact, coupled with the November 13, 2007 Memorandum Order, which made this point explicit, *see Dobbs*, 521 F.Supp.2d at 532, put JBC on notice that nondiverse defendants may be joined and the action remanded according to § 1447(e). *Cf. Murray v. State Farm Fire and Cas. Co.*, 870 F.Supp. 123, 126 (S.D.W.Va.1994) (finding no prejudice to the defendants when the plaintiffs sought leave to amend their complaint to include a nondiverse defendant whom it was clear they meant to include from the outset of the action). Finally, Dobbs does not seek to modify his existing claims against JBC, nor does he seek to bring any new claims against JBC. Accordingly, JBC will not be unduly prejudiced by a remand to state court.[13]

---

**12.** Presumably, JBC has an interest in this as well, in order to avoid involvement in any separate proceedings by Dobbs against Hilton, Benson, and Melvin, as these defendants' employer. *See also infra* at 501 (discussing the dangers of parallel lawsuits in federal and state court).

**13.** JBC contends that it will be unduly prejudiced if this action is remanded to state court, because it will be unable to use deposition testimony in its motion for summary judgment, should it choose to renew its motion for summary judgment in state court. *See* Va. Sup.Ct. R. 3:20 ("No motion for summary judgment ... shall be sustained when based

in whole or in part upon any discovery depositions under Rule 4:5, unless all parties to the action shall agree that such deposition may be so used."); *Skinner v. First Am. Bank of Va.*, No. 93–2493, 1995 WL 507264, at *3 (4th Cir. Aug. 28, 1995) (unpublished), *cert. denied*, 519 U.S. 824, 117 S.Ct. 84, 136 L.Ed.2d 41 (1996) (noting that the defendant was prejudiced when a "large part" of its discovery would have been unusable on a motion for summary judgment in state court). JBC has deposed two witnesses: the plaintiff and Andrew Lynch. In its pending motion for summary judgment, JBC relies primarily on legal conclusions that Dobbs has not made a *prima facie* case to support his claims. In

In sum, in balancing the equities, the court finds that it is proper to allow joinder of Hilton, Benson, and Melvin to this action. After such joinder, remand is automatic under 28 U.S.C. § 1447(e). *See Mayes,* 198 F.3d at 462.

## IV. Conclusion

For the reasons set forth above, Dobbs's motion to amend his complaint to add Nathan Hilton, Dennis Benson, and Frank Melvin as defendants in this action is **GRANTED,** and Dobbs's motion to remand is **GRANTED.** This case is **REMANDED** to the Circuit Court of the City of Norfolk, Virginia, for all further proceedings. The Clerk is **DIRECTED** to send a copy of this Memorandum Remand Order to counsel for the parties, and to the Circuit Court of the City of Norfolk. Further, the Clerk shall take the necessary steps to effect the remand to state court.

**IT IS SO ORDERED.**

light of these facts, the court cannot conclude that the nonuse of two depositions in any subsequent motion for summary judgment will unduly prejudice JBC.